**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George Kessel International Inc., et al., | No. CV-07-323-PHX-SMM |
| Plaintiffs, | **ORDER** |
| v. | |
| Classic Wholesales, Inc., et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Stay Proceeding Pending Reexamination of Patent (Dkt. 41). Defendants request that the Court stay these proceedings while the patent that is the subject of this litigation is reexamined by the United States Patent and Trademark Office ("PTO"). Plaintiffs oppose this motion. Having reviewed the parties' arguments and submissions, the Court issues this order.

**BACKGROUND**

On February 12, 2007, Plaintiff initiated this suit with a Complaint alleging causes of action for patent and trademark infringement. Plaintiff subsequently filed a First Amended Complaint ("FAC") on March 9, 2007. The dispute arises from two patents owned by Plaintiffs.

Plaintiffs promote, offer for sale, and sell digital scales for weighing small items such as jewelry, letters, and foods. In December 2006, Plaintiffs acquired rights to a patent ("the '798 patent") for a new scale, marketed as the Jennings Digital Scale or

"JScale." Defendants' scales include a digital pocket scale promoted and sold as the XJ-4K803, which Plaintiffs allege contains substantially identical designs as those covered by the '798 patent. Plaintiffs further allege that Defendants featured the XJ-4K803 on the cover of their 2006 catalog, and that Defendants have sold the XJ-4K803 in the United States and within the State of Arizona. Two other digital scales also are alleged to infringe the '798 patent. Defendants American Weigh and Classic Wholesales, Inc. distribute digital scales under the names XP-150 and XP-250.[1] Plaintiffs further allege that all Defendants have directly or indirectly offered for sale or sold the XP-150 and -250 within the United States and the State of Arizona.

Plaintiffs own the trademark "CONVERTIBLE" for use on another digital scale, and have used that mark since March 2002. Plaintiffs allege that Defendant Classic Wholesales has promoted and sold a digital scale under the CONVERTIBLE mark, causing confusion amongst consumers of those products.

On December 4, 2007, Defendants filed a request with the PTO to conduct an ex parte reexamination of the '798 patent. Defendants now seek a stay of all matters in this litigation pending the outcome of the PTO reexamination of the '798 patent.

## STANDARD OF REVIEW

The United States Supreme Court recognized long ago that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). The power to stay proceedings calls for "an exercise of a sound discretion." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). If there is even a "fair possibility" that the stay will harm another party, the party seeking a stay must make out a "clear case of hardship or inequity in being required to go forward." Id.

---

[1] Defendants X.J. Group, Ltd. and X.J. Group (USA), Inc. were named in the FAC, but dismissed for lack of personal jurisdiction. (See Dkt. 37, Order dated Oct. 30, 2007.)

- 2 -

In deciding whether to stay litigation pending patent reexamination, courts generally consider three factors:  (1) whether a stay would unduly prejudice or create a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set.  Xerox Corp. v. 3 Com Corp., 69 F. Supp. 2d 404, 406-07 (W.D.N.Y. 1999).

## DISCUSSION

A review of these factors reveals that a stay is not warranted.  Although this case is in its early stages, the Court is reluctant to issue a stay of indefinite length.  Defendants assert that the PTO must decide whether to grant or deny the reexamination within three months of the request, but the delay could be significant if the request is granted.  See, e.g., Saint-Gobain Performance Plastics Corp. v. Advanced Flexible Composites, Inc., 436 F. Supp. 2d 252, 253 (D. Mass. 2006)(noting the average PTO reexamination takes 21 months).  A stay could prejudice Plaintiffs by delaying access to discovery and allowing Defendants' alleged infringement to continue in the interim.  Additionally, reexamination by the PTO would not simplify any issues relating to Plaintiffs' trademark infringement claim.

The Court therefore finds that the benefits of granting Defendants' motion to stay do not outweigh the burdens of delay it would cause.  Accordingly,

**IT IS HEREBY ORDERED** denying Defendants' Motion to Stay Pending Reexamination of Patent (Dkt. 41).

**IT IS FURTHER ORDERED** directing the parties to notify the Court of any changed circumstances which arise from Defendants' request for reexamination of the '798 patent.

DATED this 15th day of February, 2008.

Stephen M. McNamee
United States District Judge